## William Davis *v.* State of Mississippi.

County Convicts. *Discipline. Whipping.*

A convict, committed to a county convict farm, cannot be whipped for discipline in the absence of authority from the board of supervisors for the infliction of such punishment.

From the circuit court of Copiah county.

Hon. Robert Powell, Judge.

Davis, the appellant, was convicted in the circuit court of an assault and battery and appealed to the Supreme court. The opinion states the facts.

*R. B. Mayes,* for appellant.

The appellant was a guard on a county convict farm, and was in charge of the convicts. While guarding the prisoners he had one Pullen whipped with a plow line. There is nothing in the record to show that the punishment was excessive or inhuman. Subsequently the appellant was indicted for an assault and battery on Pullen, and put upon his trial in the circuit court of Copiah county. On the trial, the appellant offered evidence to show that Pullen was idle and refractory; that the whipping was done in a humane way, and was not excessive, and that on the state farms and other county farms the usual and customary way of discipling prisoners was by whipping them. The court refused to admit this evidence.

After the evidence was all in, the court gave the following instruction for the state "The court instructs the jury that if they

believe from the evidence, beyond a reasonable doubt, that the defendant was a guard at the county contractor's farm, and had charge and control of Sam Pullen, who was then a prisoner, and county convict, and that the defendant inflicted a whipping upon the person of Sam Pullen, then the defendant is guilty as charged, and it makes no difference whether he inflicted the punishment in a moderate or severe way, and whether or not Sam Pullen was refractory and idle or not." This instruction presents the whole question in the case.

An assault and battery is defined to be "An attempt *unlawfully* to apply any, the least, force to the person of another, directly or indirectly." A battery is "An *unlawful* touching of the person of another by the aggressor himself, or by some substance set in motion by him." 2 Ency. Law (2d ed.), 953.

Keeping in mind the fact that in order to constitute this offense the force used must be an *unlawful force,* I shall proceed to take up the statute under which appellant claims to justify, and to show that the whipping was the usual and customary way of administering discipline prevalent all over the state, and authorized by the statute.

Section 23, p. 72, acts of 1894, provides as follows: "The hirer, contractor, and employer of the board of supervisors, having lawful custody of a convict, have a right to require him to work diligently at manual labor, and may adopt such safeguards and such appliances and enforce such reasonable rules of discipline against the idle and refractory as are customary, under such regulations, if any, as the board shall adopt."

Section 24 of the acts of 1894, p. 72, provides that "the board of supervisors may make such regulations and impose such terms and conditions additional to those herein prescribed, and exact such security as is deemed necessary to protect the convicts delivered to the contractor, or hired out, or employed on the public roads, works; or farms, from cruel and inhuman treatment, or any violation of their rights," etc.

It will thus be seen that the act itself gives the contractor the

right, in sec. 23, to enforce such reasonable rules of discipline against the idle and refractory as are customary." And sec. 24, of the same act, provides that the board of supervisors "may make such regulations and impose such terms and conditions additional to those herein prescribed," etc.

. It is shown that the board had adopted no regulations upon the subject; therefore the contractor had the right, under the act, to enforce "such reasonable rules of discipline against the idle and refractory as was customary"—that is, he had the right to enforce such discipline as was generally enforced by the state and the county contract farms generally in the state.

Then if it be the law that the contractor had the right to enforce such reasonable rules of discipline against the idle and refractory "as are customary" the court erred when it refused to let the appellant justify by showing:

First, what was the customary discipline; second, that the prisoner was idle and refractory; third, that the punishment was administered in a humane way. If the prisoner was "idle and refractory," there can be no doubt but that the appellant had the right to "discipline" him. Discipline him how? The only guide the appellant had as to the mode of "discipline" was the act herein set out. When the appellant looked to that for the measure of his right to compel the convict to work diligently at manual labor, this convict refusing so to do, and being idle and refractory, he found that he had the right to compel him to work diligently, and if the convict were idle and refractory, then he had the right to discipline him.

The act leaves no doubt in the appellant's mind that he had the right to compel the convict to work diligently at manual labor, but when he looks to the act to tell him how he shall discipline the convict if the convict be idle and refractory, it is perfectly manifest that the legislature intended that the idle and refractory shall be punished, but it does not say how it shall be done, except that it says the contractor shall enforce such reasonable rules of discipline against the idle and refractory

as are customary. The only limitation placed on the contractor as to the method of discipline that he shall select is that it shall be such as is customary. A discretion is vested in him. He may select any mode of punishment that is customary in the state, and it is left to his general knowledge of the conduct of these institutions to select such method as is customary, and it was error for the court to decline to let him justify by showing what was customary on the state and county convict farms.

*William Williams,* assistant attorney-general, for appellee.

Under the law the board of supervisors have control of county convicts. "The hirer, contractor, and employer of the board of supervisors" have no authority relative to the discipline of county convicts, except such as he gets from the board.

If the board of supervisors have failed to make rules and regulations for the punishment on a county farm, "the hirer, contractor, or employer of the board of supervisors" have no authority to inflict such punishment as was inflicted by appellant on appellee.

The section of the statute cited by appellant's attorney authorizes the board to enforce such ·rules of discipline against idle and refractory convicts as are customary. The law does not mean that the contractor can inflict such punishment "as is customary" without authority from the board of supervisors. By reading the said section, the court will see that it is clear that the legislature intended that the board of supervisors, and no one else, should determine how idle and refractory convicts should be disciplined. The last clause of the said section makes this plain. It is true that convicts in the state penitentiary are punished by the use of what is known as the "beaver's tail," but § 3174 of the code provides that the board of control of the state penitentiary shall prescribe discipline for convicts, and the said board have rules and regulations in compliance with said section. So, also, does sec. 23, of chap. 76, of the Laws of 1894, provide that the

Opinion of the court.

board of supervisors shall prescribe the discipline for county convicts.

It may be that the board of supervisors should have provided rules and regulations as to the discipline of county convicts in Copiah county, and also it may be true that the contractor in the said county should have called the attention of the board of supervisors of the said county to the fact that it was necessary for him to discipline idle and refractory convicts, but these are questions not to be considered here.

Following the statute and adjudications, the trial court did not err in refusing to permit appellant to make the proof that he proposed to make on the trial of this case, nor did it err in giving the instruction asked by the state, nor in refusing the instruction asked by the appellant. Wharton's Crim. Law, par. 139 (9th ed.); 4 Am. & Eng. Ency. Law, 726 (1st ed.).; *Prewitt* v. *State,* 51 Ala., 333; *Cornell* v. *State,* 6 Tenn. (Lea), 624; *State* v. *Roseman,* 108 N. C., 765.

TERRAL., J., delivered the opinion of the court.

Corrected opinion. Former opinion (32 South., 922) withdrawn.

The appellant, a guard upon a convict farm, whipped one of the convicts with a plow line, and, being convicted of assault and battery, he appeals.

Upon the trial appellant claimed a right to whip moderately a convict guilty of idle and refractory conduct. Appellant produced evidence tending to prove that the convict whipped by him was refractory in a high degree. His claim, however, was rejected by the court. We approve the ruling of the circuit judge. If county convicts can be whipped with flexible or inflexible instruments, or by other methods, it can only be done when the board of supervisors of the county make a rule or law authorizing such subsidiary punishment. A guard may not, of his own authority, inflict the punishment.

*Affirmed.*